UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
YAHKEMP NEWKIRK, an individual,

                Plaintiff,

    -against-

MAS CONVENIENCE AND DELI CORP. d/b/a
MAS CONVENIENCE DELI, an entity, and
JUN SANG CHO, an individual,

                Defendants.
------------------------------------------------------------------ X

Case no.: 20-2033

## COMPLAINT

      Plaintiff, YAHKEMP NEWKIRK, by and through his undersigned counsel, brings this action for injunctive relief, attorneys' fees, costs and litigation-related expenses, and compensatory damages against Defendants MAS CONVENIENCE AND DELI CORP. D/B/A MAS CONVENIENCE DELI and JUN SANG CHOI for violating Plaintiff's civil rights, as an individual with a disability, pursuant to federal law and New York State and local laws.

## NATURE OF SUIT

    1.    This is a proceeding for relief to redress the deprivation of rights secured to Plaintiff as an individual with a disability *vis-à-vis* 42 U.S.C. § 12181 *et seq.*, Title III of the Americans with Disabilities Act (hereinafter "ADA"), the New York State Human Rights Law codified in NYS Exec. Law § 296 (2)(a), and the New York City Human Rights Law set forth in NYC Admin Code § 8-107(4)(a) entitling Plaintiff to injunctive, relief, compensatory damages for the harm he has suffered and attorneys' fees, costs and litigation expenses relating to bringing the case at bar.

## JURISDICTION

    2.    The jurisdiction of this Court is invoked in accordance with 28 U.S.C. §§ 1331 and

1343 as the claims asserted herein arise under Title III of the ADA, encompassing 28 C.F.R. Part 36 (hereinafter "ADAAG"), and 42 U.S.C. § 12181 *et seq.*, and 28 U.S.C. §§ 2201-2202.

3. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under New York laws, NYS Exec. Law § 296 (2)(a) and NYC Admin Code § 8-107(4)(a). The acts relating to these claims all occurred within the State and city of New York.

4. Personal jurisdiction and venue are appropriate in this forum as Defendants transact business in this District through the operation of a commercial establishment open to the public containing structural barriers to access by individuals with disabilities.

5. All conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since the enactment of the ADA, NYS Exec. Law § 296 (2)(a), and NYC Admin Code § 8-107(4)(a). Notice and/or administrative action are not required as prerequisites to maintaining the care at bar.

## PARTIES

6. Plaintiff YAHKEMP NEWKIRK ("NEWKIRK"), at all material times hereto, is *sui juris*, residing in Brooklyn, New York, and qualifies as an individual with a "disability" as defined by the ADA and under New York state and local law. *See* NYS Exec. Law § 292 (21) & NYC Admin Code § 8-107(4)(a).

7. On September 27, 2013, NEWKIRK suffered a gun-shot wound to his abdomen as the victim on a "drive-by-shooting" while on his way from a friend's home; the bullet still remains NEWKIRK's abdomen leaving NEWKIRK as a paraplegic due to the injury of his T-12 thoracic vertebrae.

8. NEWKIRK's family, including his mother, brother and daughter, and friends reside

throughout the five boroughs. NEWKIRK operates a vehicle specially equipped for individuals with disabilities containing hand controls for people like himself with no use of their legs, which also him to travel throughout the state of New York.

9. NEWKIRK is a very active young man, only twenty-four, who enjoys going to the gym, swimming, playing basketball, going to the movies and reading books. In his spare time NEWKIRK talks to other disabled people to motivate them that there is "still life after being in a wheelchair."

10. Plaintiff personally has visited the commercial establishment and property forming the basis of the case at bar. However, NEWKIRK was and continues to be discriminated against and he has and continues to suffer an injury-in-fact because NEWKIRK's physical access to the property has been and is presently being restricted and/or prohibited by his disability (i.e. being confined in a wheelchair due to his paralysis).

11. Plaintiff seeks to redress the discrimination he has suffered himself for himself as well as acting as a "tester-plaintiff" to advocate rights on behalf of other individuals with disabilities – consistent with his motivational speaking to other individuals with severely debilitating physical disabilities. NEWKIRK fully intends on returning to the property to obtain goods and services and ensure the property is accessible for individuals with disabilities as required by federal, state, and local laws.

12. Plaintiff NEWKIRK brings this lawsuit to recover compensatory damages, including attorneys' fees, costs, and litigation expenses relating to his pursuit of this action to enforce and obtain compliance with provisions of the ADA, the New York State Human Rights Law codified in NYS Exec. Law § 296 (2)(a) ("NYSHRL"), and the New York City Human Rights Law set forth in NYC Admin Code § 8-107(4)(a) ("NYCHRL") protecting the civil rights of

13.     Defendant JUN SANG CHOI is the owner of the real property located at 87-91 and 87-93 Parsons Boulevard, Jamaica, NY 11432 (hereinafter "Property") on which a food mart/grocery establishment is operating a commercial business under the trade names MAS CONVENIENCE DELI (hereinafter "MAS CONVENIENCE DELI").

14.     At present there is an open OATH/ECB "Construction" Violation (#34119819H) for performing work without a permit, which includes obstruction of an ingress/egress pathway.[1] Additionally, the public records disclose that since the enactment of Title III of the ADA there have been three (3) "Complaints" recorded against JUN SANG CHOI's commercial property, including complaints for "WORK BEING PERFORMED … WITHOUT…PERMIT AND "RESIDENTIAL SPACE USED AS BUSINESS."[2] These publicly recorded documents clearly demonstrate that "modifications" have been made to the Property, which demand full compliance with the ADA and ADAAG regulations ensuring access for individuals with disabilities. Yet, despite Defendants' Property violations relating to various alterations, and the public records reflecting numerous job actions on the Property, the public records are devoid of any lawful "Job Filings" or attempt at compliance by JUN SANG CHOI with the ADAAG Architectural Regulations demanding structural remediation to permit wheelchair access by individuals with

---

[1] *See* New York City, Department of Buildings website: Property Overview, *available at* http://a810-bisweb.nyc.gov/bisweb/PropertyProfileOverviewServlet?boro=4&houseno=89-12&street=163%20st&requestid=0&s=A03C41B885B461E4F46BD08866A7430E. *See also id.* at OATH/ECB Violation 34119819H, *available at,* http://a810-bisweb.nyc.gov/bisweb/ECBQueryByLocationServlet?requestid=1&allbin=4208884.

[2] *See* New York City, Department of Buildings website: Complaints, *available at,* http://a810-bisweb.nyc.gov/bisweb/ComplaintsByAddressServlet?requestid=1&allbin=4208884.

disabilities into commercial premises providing to the public goods and services. *See id.*[3]

15. MAS CONVENIENCE AND DELI CORP. D/B/A MAS CONVENIENCE DELI is a commercial establishment conducting business and offering goods and/or services to the general public under the trade name MAS CONVENIENCE. It qualifies as a "place of public accommodation. *See* 28 CFR 36.201(a); *see also* NYS Exec. Law § 292 (9) & NYC Admin Code § 8-107(4)(a).

16. Defendant MAS CONVENIENCE AND DELI CORP. is the entity responsible for operating the MAS CONVENIENCE DELI grocery and convenience store located on JUN SANG CHOI's Property, which qualifies as a place of public accommodation.

17. When Plaintiff NEWKIRK was visiting MAS CONVENIENCE AND DELI CORP. D/B/A MAS CONVENIENCE DELI he encountered architectural barriers at the Property precluding him from reasonably accessing the goods and services provided to non-disabled individuals. As a result of Defendants' failure to maintain accessible features in violation of the ADA, NYSPHL and NYCPHL, and MAS CONVENIENCE DELI failing to adhere to policies, practices and procedures to ensure the goods and services being offered at Defendant JUN SANG CHOI's Property, as well as the facilities themselves, are not accessible to people with disabilities, Defendants are causing Plaintiff an injury-in-fact discriminating against NEWKIRK solely because of his physical disability.

---

[3] *See* New York City, Department of Buildings website: Complaints, *available at,* http://a810-bisweb.nyc.gov/bisweb/ActionsByLocationServlet?requestid=1&allbin=4208884. *See also* n 1. at Property Overview.

## ADA, NYSHRL and NYCHRL: ENSURING INDIVIDUALS WITH DISABILITIES PROTECTION AGAINST DISCRIMINATION

### A. ADA: 42 U.S.C. § 12181 *et seq.*

18. Congress enacted the ADA to "[p]rovide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). One specific purpose of Title III of the ADA is guaranteeing reasonable accommodations for individuals with disabilities is to ensure they are not the subject of discrimination in the use of commercial facilities: "[s]ociety has tended to isolate and segregate individuals with disabilities," and "[i]ndividuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural … barriers … [and] failure to make modifications to existing facilities and practices…"

19. In accordance with 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the architectural requirements providing guidelines for ensuring the elimination of structural barriers to access by individuals with disabilities as per the ADA ("ADAAG" Regulations). The ADA and ADAAG Regulations require that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards. Property owners and business operators are jointly responsible for ensuring compliance.

20. The effective date of the Title III of the ADA, meaning the date by which commercial establishments were to have implemented all necessary and required modifications was January 26, 1992, businesses with 10 or fewer employees and gross receipts of $500,000.00 or less.

21. The Property contains structural barriers to restricting and/or prohibiting access by persons confined to the use of a wheelchair that have and continue to discriminate against disabled individuals, including Plaintiff who himself suffered an injury-in-fact due to his inability to enter MAS CONVENIENCE DELI.

22. Defendants have and are continuing to violate the ADA and ADAAG Regulations by failing to provide accessible facilities despite modifying the Property since the ADA's enactment.

23. The New York City Department of Buildings ("NYC DOB") website establishes that the Property on which MAS CONVENIENCE DELI is operating has undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

24. Alternatively, upon information and belief, Defendant(s) has sufficient income and resources to make readily achievable accessibility modifications in accordance with the ADAAG Regulations.

**B. NYSHRL: NYS Exec. Law § 296 (2)(a)**

25. The NYSHRL, NYS Exec. Law § 296 (2)(a), states

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability . . .

26. The NYC Commission on Human Rights Legal Enforcement Guidance on Discrimination on the Basis of Disability Manual expressly recognizes the law as being "more protective" than the ADA as a "customer" must "only establish" the following for their *prima facie* case:

7

>(1) that they have a disability;
>(2) that the covered entity knew or should have known about the disability;
>(3) that an accommodation would enable the employee, tenant, or customer to perform the essential requisites of the job or enjoy the rights in question; and
>(4) that the covered entity failed to provide an accommodation."

*Id.* at 50-51.

### C. NYCHRL: NYC Admin Code § 8-107(4)(a)

27. In accordance with NYC Administrative Code § 8-104 one of the key "Functions" of The New York City Commission on Human Rights is: "(1) To foster mutual understanding and respect among all persons in the City of New York; (2) To encourage equality of treatment for, and prevent discrimination against, any group or its members…"

28. The relevant section of New York City's Administrative Code addressing unlawful discrimination against individuals with disabilities provides:

>It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of . . . disability. . . .

*See* NYC Admin Code § 8-107(4)(a).

### STRUCTURAL BARRIERS AT PROPERTY RESULTING IN *PER SE* DISCRIMINATION UNDER THE ADA, NYSPHL and NYCPHL

29. The ADAAG Regulations were promulgated to establish minimum uniform architectural standards that would provide individuals with disabilities reasonable access into and enjoyment of commercial establishments. Property being operated as a commercial establishment open to the public must comply with the ADA and the ADAAG Regulations.

8

30. MAS CONVENIENCE DELI and Defendant JUN SANG CHOI's Property are not in compliance with the following applicable ADAAG Regulations:

**ADAAG 206 Accessible Routes**
**ADAAG 206.2.4 Spaces and Elements.**
At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements within the building or facility which are otherwise connected by a circulation path unless exempted by 206.2.3 Exceptions 1 through 7.

**ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

**ADAAG 206.4.1 Public Entrances.**
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

**ADAAG 303.1 Changes in Levels**.
Changes in levels along an accessible route shall comply with 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in 4.1.3 and 4.1.6) shall be provided that complies with 4.7, 4.8, 4.10, or 4.11, respectively.

**ADAAG 303.4 Ramps.**
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406. ADAAG

**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

**ADAAG 405.1 General.**
Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5.

**ADAAG 227.3 Counters.**
Where provided, at least one of each type of sales counter and service counter shall comply with 904.4. Where counters are dispersed throughout the *building* or *facility*, counters complying with 904.4 also shall be dispersed.

**ADAAG 904.4 Sales and Service Counters.**

9

Sales counters and service counters shall comply with 904.4.1 or 904.4.2. The accessible portion of the counter top shall extend the same depth as the sales or service counter top.

**ADAAG 904.4.1 Parallel Approach.**
A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter. EXCEPTION: Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

**ADAAG 904.4.2 Forward Approach.**
A portion of the counter surface that is 30 inches (760 mm) long minimum and 36 inches (915 mm) high maximum shall be provided. Knee and toe space complying with 306 shall be provided under the counter. A clear floor or ground space complying with 305 shall be positioned for a forward approach to the counter.

31. The above ADAAG violations, which include lack of access into the establishment as well as an inaccessible service counter, are not intended as a complete list of violations impeding NEWKIRK from reasonably accessing goods and services at MAS CONVENIENCE DELI.

32. Remediating the ADA and ADAAG violations set forth herein are both technically feasible and readily achievable.

33. Establishing policies, practices and procedures to assist individuals with disabilities is also necessary and may be achieved relatively easily with proper training and written protocols

34. NEWKIRK is and remains unable to physically enter the Property of MAS CONVENIENCE DELI with his wheelchair due to structural impediments acting as barriers to access in violation of the ADAAG regulations. It is simply impossible for an individual in a wheelchair to enter through the front of the establishment due to the step barrier at the door.

35. As a result of NEWKIRK being unable to enter MAS CONVENIENCE DELI in his wheelchair, NEWKIRK has been indirectly refused and/or had access withheld from him to the goods or services offered on the Property.

36. The structural impediments at the Property of MAS CONVENIENCE DELI in violations of the ADAAG Regulations infringe upon Plaintiff's right to travel free of discrimination in accordance with the ADA, NYSPHL and NYCPHL thereby causing Plaintiff harm in the form of suffering frustration, shame and humiliation, which damages constitutes an injury-in-fact.

37. The barriers to access of the Property has deterred and prevented NEWKIRK from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at MAS CONVENIENCE DELI equal to those afforded to other individuals in violation of the ADA, NYSPHL and NYCPHL.

38. The present violations at Defendants' facility threaten Plaintiff's safety. Moreover, Plaintiff was and is blocked by physical barriers to access at the Subject Property, dangerous conditions, and ADA violations, existing upon the Subject Property, including those specified above. Additional violations beyond those identified in paragraph 30 will be set forth within Plaintiff's expert disclosures.

39. In the future, NEWKIRK fully intends to visit the Subject Property to obtain good and services and to test whether it is compliant with this Court's Order requiring remediation so individuals with disabilities may make use of all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property.

40. At the moment, however, NEWKIRK cannot return to the Property in light of his disabilities; unless and until the Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein in violation of the ADA, NYSPHL, and NYCPHL.

41.     The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants.

## COUNT I: VIOLATIONS OF THE ADA

42.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

43.     Defendant JUN SANG CHOI is the owner of the Property on which MAS CONVENIENCE DELI is operating as a place of public accommodation, which discriminates against individuals with disabilities confined to wheelchairs.

44.     Individuals confined to wheelchairs, including NEWKIRK have been denied access to and the benefits of services, programs and activities at MAS CONVENIENCE DELI as a result of JUN SANG CHOI's Property containing structural barriers preventing any access by NEWKIRK and MAS CONVENIENCE DELI failing to implement policies and procedures for assisting access by individuals with disabilities in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

45.     Defendants are continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA despite it being readily achievable and/or technically feasible to perform or cause to be performed the necessary remediation.

46.     The structural impediments at Defendants' Property and commercial establishment must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

47.     By permitting a place of public accommodation to operate in violation of the ADA

is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

48.     Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein, and there is no adequate remedy available at law.

49.     The undersigned law firm has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendants' compliance with the ADA.

50.     Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy the Defendants' ADA violations, including but not limited to issuing an order requiring Defendants to alter the subject property to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

## COUNT II: VIOLATIONS OF THE NYSPHL

51.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

52.     The NYSHRL has been enacted to make "unlawful discriminatory practices for any person being the owner … proprietor … of any place of public accommodation . . . because of the . . . disability … [by] refus[ing], withhold[ing] from or deny[ing] to such person any of the accommodations … or privileges thereof . . . to the effect that any of the accommodations … and

privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability ."

53. NEWKIRK is an individual with disability as defined by the NYSPHL.

54. The Property on which MAS CONVENIENCE DELI is owned by JUN SANG CHOI and is operating is a place of public accommodation as defined by the NYSHRL.

55. Plaintiff visited the Property and encountered architectural barriers made unlawful by the ADA, ADAAG Regulations, and by the NYSHRL. *See* NYS Exec. Law § 296 (2)(a).

56. Defendants have, directly or indirectly, refused, withheld, and/or denied to NEWKIRK, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Property to non-physically disabled individuals not confined to wheelchairs by maintaining architectural barriers that discriminate against people with disabilities.

57. By the actions and inactions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at MAS CONVENIENCE DELI of the Property.

58. NEWKIRK has suffered an injury-in-fact resulting from the pain and humiliation of Defendants' discrimination. Plaintiff demands compensatory damages based on Defendants' violation of the NYSHRL.

59. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

### COUNT III: VIOLATIONS OF THE NYCHRL

60. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set

forth herein.

61.     The NYCHRL provides that by refusing access into an establishment by a person with a disability solely because of their disability the operator of said establishment is engaging in an "unlawful discriminatory practice."  *See* NYC Admin Code § 8-107(4)(a).

62.     As NEWKIRK was unable to enter MAS CONVENIENCE DELI, Defendants are in violation of the NYCHRL because the Defendants have and are denying Plaintiff full and safe access to all accommodations, benefits, and services of the Property.

63.     NEWKIRK has suffered an injury-in-fact resulting from the pain and humiliation of Defendants' discrimination.  Plaintiff demands compensatory damages based on Defendants' violation of the NYSHRL.

64.     The undersigned law firm has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and expenses from the Defendants pursuant the NYCHRL.

## INJUNCTIVE RELIEF

65.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

66.     Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, NYSHRL, and NYCHRL.

67.     This Court has jurisdiction in accordance with 42 U.S.C. § 12188 to grant NEWKIRK injunctive relief, including but not limited to the issuance of an Order to alter the Property to make it readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the NYSHRL, and NYCHRL, and closing the facilities until the requisite modifications are complete.

68. Injunctive relief is necessary and proper to ensure Defendants alter and modify The Property, as a place of public accommodation, and MAS CONVENIENCE DELI's policies, business practices, operations and procedures.

69. Injunctive relief is also necessary to make the Subject Property readily accessible and useable by Plaintiff in accordance with the ADA, the NYSHRL, and NYCHRL.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief as follows: (1) a declaration that the Subject Property owned, leased, operated, and/or controlled by Defendants is in violation of the ADA, the NYSHRL, and NYCHRL; (2) an Order requiring Defendants to establish neutral their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures at the Property; (3) an Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the NYSHRL, and NYCHRL; (4) an Order issuing a permanent injunction ordering Defendants to close the Subject Property and cease all business until Defendants remove all violations under the ADA, the NYSHRL, and NYCHRL, including but not limited to the violations set forth herein; (5) an award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this litigation, in favor of the Plaintiff; and (6) for such other and further relief that this Court deems just, necessary and proper.

Dated: Brooklyn, New York
     May 5, 2020

Respectfully submitted,

**SOLOMOS & STORMS**

By: /s/ Derrick Storms
Derrick Storms, Esq.
33-08 Broadway
Astoria, NY 11106
Tel: (718) 278-5900
dstormsesq@gmail.com